```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION at LEXINGTON**

| | |
|---|---|
| ROSEMARY C. BOTTOM, | |
| Plaintiff, | Civil Case No. 5:19-CV-450-JMH |
| v. | **MEMORANDUM OPINION AND ORDER** |
| KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

\*\*\*

Rosemary C. Bottom (Bottom or Plaintiff) filed applications for disability insurance benefits (DIB) and supplemental security income (SSI), alleging disability beginning in March of 2015. [Tr. 203-14]. Her applications were denied initially and on reconsideration. [Tr. 90-93]. Thereafter, Plaintiff pursued and exhausted her administrative remedies before the Commissioner. [Tr. 33-63 (hearing); Tr. 15-26 (ALJ decision); Tr. 1-4 (Appeals Council's denial of review of ALJ decision)]. This case is ripe for review pursuant to 42 U.S.C. §§ 405(g) and 1383(c).

Plaintiff was 43 years old at the time she alleges she became disabled. [*See* Tr. 213]. She alleged disability due to fibromyalgia, diabetes, obesity, insomnia, anxiety, and depression. [Tr. 248]. She now focuses her claims on her

fibromyalgia, [*see generally* DE 12 (Pl. Br.)], and this Opinion will focus on the same.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. Medical History

Plaintiff sought treatment from Haggin Primary Care (also known as Dedman & Associates) periodically from 2013 through 2018 [*See generally* Tr. 442-69, 502-10, 514-25, 553-61]. At many of her appointments in 2016, 2017, and 2018, Plaintiff reported that she was doing well with no complaints or concerns. [Tr. 444 ("has been doing well"); Tr. 507 ("is doing well"); Tr. 514 ("has been doing pretty well with no complaints or concerns"); Tr. 524 ("has been doing well"); Tr. 555 ("overall she really has no complaints"). *But see* Tr. 519 ("is very down today . . . struggling with her fibro[myalgia]")]. She went to the Lexington Clinic rheumatologist twice in 2015. [Tr. 363-77]. She went to Beaumont Behavioral Health twice in September 2015 for anxiety and depression. [Tr. 380-82]. She went to Ephraim Specialty Center three times in the first half of 2016 for depression and anxiety. [Tr. 480-91]. She went to the Arthritis and Osteoporosis Center of Kentucky three times in the second half of 2016 for muscle aches (myalgias). [Tr. 492-501, 511-13]. She went to Syed Haider Abbas, M.D., in 2017 for complaints of fibromyalgia. [Tr. 562-65]. She went to the physical therapist three times in late 2017 for left shoulder pain. [Tr. 525-36]. And she went to Danville Orthopaedics and Sports Medicine

three times in late 2017 for follow up on her left shoulder pain; doctors gave her steroid injections. [Tr. 537-52].

Jennifer Fishkoff, Psy.D., performed a psychological evaluation of Plaintiff in connection with her disability application. [Tr. 471-76]. Dr. Fishkoff diagnosed depression and anxiety—noting that they were "amenable to short-term treatment"—and opined that Plaintiff had fair, adequate, or normal abilities in all areas of mental work-related functioning assessed. [Tr. 475-76].

Two state agency psychologists, Lea Perritt, Ph.D., and Laura Cutler, Ph.D., independently reviewed Plaintiff's medical records and opined that her mental impairments were non-severe, meaning that they did not significantly affect her ability to perform basic work activities. [Tr. 70-71, 101-02]. *See* 20 C.F.R. § 404.1522(a).

Finally, state agency physician Allen Dawson, M.D., reviewed Plaintiff's medical records and opined that she could perform the equivalent of a range of light work, i.e., she could lift and carry 20 pounds occasionally and 10 pounds frequently; sit and stand/walk six hours each in an eight-hour workday; frequently balance, stoop, and climb ramps and stairs; and occasionally kneel, crouch, crawl, and climb ladders, ropes, and scaffolds. [Tr. 104-05].

**B. ALJ's Decision**

After a careful review of the record, the ALJ found that Plaintiff had severe physical and mental impairments (including

3

fibromyalgia), [Tr. 18], but retained the ability to perform a range of light work as defined in 20 C.F.R. § 404.1567(b) (involving lifting and carrying 20 pounds occasionally and 10 pounds frequently) that required only frequently stooping, balancing, climbing ramps and stairs, and reaching overhead with both arms; occasionally kneeling, crouching, crawling, and climbing ladders, ropes, or scaffolds; and no concentrated exposure to cold and hazards. [Tr. 21]. Based on the vocational expert's testimony, [*see* Tr. 60-61], the ALJ found that Plaintiff could perform her past job as a cashier/checker as it was generally performed in the national economy, as well as three other representative occupations. [Tr. 24-26]. Therefore, the ALJ concluded that Plaintiff was not disabled under the strict standards of the Social Security Act. [Tr. 26].

## II. STANDARD OF REVIEW

As the Supreme Court recently reiterated, "[o]n judicial review, an ALJ's factual findings . . . 'shall be conclusive' if supported by 'substantial evidence.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019) (quoting 42 U.S.C. § 405(g)). The threshold for evidentiary sufficiency under the substantial evidence standard is "not high." *Biestek*, 139 S. Ct. at 1154. Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* Under this deferential standard, the

4

Court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014). The Court's inquiry "as is usually true in determining the substantiality of evidence, is case-by-case," and "defers to the presiding ALJ, who has seen the hearing up close." *Biestek*, 139 S. Ct. at 1157.

### III. ANALYSIS

Without any medical source opinions to support her claims that she is more limited than the ALJ found, Plaintiff essentially argues that her fibromyalgia is disabling. [DE 12]. But the diagnosis of a condition, alone, is not disabling. *See Bernal v. Bowen*, 851 F.2d 297, 301 (10th Cir. 1988). This includes the diagnosis of fibromyalgia. *See Stankoski v. Astrue*, 532 F. App'x 614, 619 (6th Cir. 2013) ("But a diagnosis of fibromyalgia does not equate to a finding of disability or an entitlement to benefits."); *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 805 (6th Cir. 2008) ("[A] diagnosis of fibromyalgia does not ("[A] diagnosis of fibromyalgia does not automatically entitle Vance to disability benefits . . . ."). Rather, the relevant question is what limiting effects stem from that impairment. Indeed, "disability requires more than the mere inability to work without pain." *Brown v. Bowen*, 801 F.2d 361, 362-63 (10th Cir. 1986).

In this instance, the ALJ considered Plaintiff's fibromyalgia throughout her decision. The ALJ found Plaintiff's fibromyalgia to

5

be a severe impairment at step two of the sequential evaluation process after recognizing it as a medically determinable impairment that significantly affected Plaintiff's ability to perform basic work activities. [Tr. 18]. *See* 20 C.F.R. § 404.1522(a). The ALJ explicitly referenced Social Security Ruling (SSR) 12-2p, 2012 WL 3104869 (July 25, 2012) (discussing fibromyalgia), in her decision. [Tr. 20]. The ALJ went on to limit Plaintiff to a reduced range of light work to account for the effects of Plaintiff's fibromyalgia and other impairments. [Tr. 21]. In reaching this conclusion, the ALJ acknowledged Plaintiff's complaints that fibromyalgia pain was her "worst problem", [Tr. 21], but found that Plaintiff's complaints regarding the degree of limitation caused by her fibromyalgia were unsupported by the record. [Tr. 21]. The ALJ noted that, despite her fibromyalgia, Plaintiff routinely demonstrated normal gait and station, normal power and reflexes in her arms and legs, and no significant limitations with range of motion testing. [Tr. 20, 22. *See, e.g.,* Tr. 493, 496, 502, 507, 512, 514, 517, 519 (physical examination findings)]. Notably, at many visits with her primary care provider Plaintiff reported that she was doing well with no complaints. [Tr. 444 ("has been doing well"); Tr. 507 ("is doing well"); Tr. 514 ("has been doing pretty well with no complaints or concerns"); Tr. 524 ("has been doing well"); TR. 555 ("overall she really has no complaints"). *But see* Tr. 519 ("is very down today . . .

6

struggling with her fibro[myalgia]")]. *See* 20 C.F.R. § 404.1529(c)(4) (stating that ALJ must consider whether there are conflicts between a claimant's statements and the rest of the evidence). The ALJ also found that Plaintiff's activities of daily living—including working part-time during the relevant time period, performing light housework, grocery shopping, taking care of her dogs, and planting flowers—demonstrated that she could perform a range of light work despite her fibromyalgia pain. [Tr. 22. *See* Tr. 271-79, 304-12 (function reports)]. *See* 20 C.F.R. § 404.1529(c)(3) (stating that ALJ must consider a claimant's activities and prior work record). Additionally, the only medical source to offer an opinion regarding Plaintiff's physical work-related abilities indicated that Plaintiff could perform a range of light work. [Tr. 23. *See* Tr. 104-05 (Dr. Dawson's opinion)]. *See* 20 C.F.R. § 404.1513a (discussing evidence from state agency medical or psychological consultants and noting that they are "highly qualified and experts in Social Security disability evaluation"). *See also* 20 C.F.R. § 404.1529(c)(4) (ALJ must consider whether there are conflicts between a claimant's statements and statements by treating or non-treating sources). The ALJ reasonably found that this evidence all indicated that Plaintiff could perform a range of light work, which involves "only minimally strenuous activities," despite her fibromyalgia. *Kirkpatrick v. Colvin*, 663 F. App'x 646, 649 (10th Cir. 2016).

7

Plaintiff takes issue with the ALJ's finding that her fibromyalgia was not disabling, arguing that her "fibromyalgia was evaluated, diagnosed and confirmed by three rheumatologists who found widespread pain and classic tender points." [DE 12 at 1-2, 11-12]. But the fact that Plaintiff had medically determinable severe fibromyalgia documented by the requisite tender points is not in dispute. [Tr. 18, 20 (ALJ's findings regarding fibromyalgia as a severe impairment)]. Again, an impairment—including fibromyalgia—alone is not disabling. *See Bernal*, 851 F.2d at 301;

Plaintiff takes issue with this finding by the ALJ, arguing that she could not complete a full workday or workweek during the relevant time period. [DE 12-1 at 14]. But the ALJ did not rely on Plaintiff's work history to find that she could perform full-time work; rather, the ALJ found it was one piece of evidence indicating that Plaintiff was not as limited as she alleged. *See* 20 C.F.R. § 404.1571 ("Even if the work you have done [during a period of claimed disability] was not substantial gainful activity, it may show that you are able to do more work than you actually did.").

Plaintiff also takes issue with the ALJ's finding that doctors indicated she had a normal gait and station, normal power and reflexes in her arms and legs, and normal range of motion testing [DE 12-1 at 12-13. *S*ee Tr. 20, 22 (ALJ's notations of normal examination findings)]. But it was not improper for the ALJ to

8

rely on normal examination findings to conclude that that she could nonetheless perform a reduced range of light work.

Plaintiff's reliance on *Rogers v. Commissioner of Social Security*, 486 F.3d 234 (6th Cir. 2007), in making her arguments is misplaced. In that case, the ALJ declined to find that the plaintiff had severe fibromyalgia after expressing hesitancy to recognize it to be a medical condition generally. *Id.* at 243. The Sixth Circuit found this to be in error, noting that fibromyalgia was "elusive" (i.e., not diagnosable with objective imaging such as x-rays) but could be diagnosed with tender points and ruling out other possible conditions. *Id*. at 244.

In the instant case, to the contrary, the ALJ found Plaintiff's fibromyalgia to be a severe impairment and limited Plaintiff to performing range of light work because of it and Plaintiff's other impairment. [Tr. 18, 21]. Thus, the ALJ's findings here were not "very similar" to the ALJ's findings in *Rogers,* as Plaintiff claims; rather, the ALJ here came to the opposite conclusion as in *Rogers*. [Tr. 18]. And the ALJ here did not err in relying on normal examination findings (rather than a lack of objective testing such as x-rays, as in *Rogers*, 486 F.3d at 244) contained in Plaintiff's medical records in evaluating the effects of her fibromyalgia and limiting her to a range of light work. *See Stankoski*, 532 F. App'x at 619 ("The ALJ took into account the objective evidence concerning Stankoski's limitations

9

when determining her residual functional capacity to perform work,"); Tarpley, 601 F. App'x at 643.

## IV. CONCLUSION

In sum, the ALJ considered the entire record and found that Plaintiff was limited—but not disabled—by her fibromyalgia and other impairments. As such, the ALJ restricted Plaintiff to performing a range of light work with numerous postural and some environmental limitations to account for the supported effects of Plaintiff's fibromyalgia. [Tr. 17-24]. *See Kirkpatrick*, 663 F. App'x at 649 (noting that light work involves "only minimally strenuous activities"). The ALJ's well-reasoned and articulated findings were in line with the applicable SSR for evaluating fibromyalgia and Sixth Circuit case law on the issue and will not be disturbed on substantial-evidence review. *Biestek*, 139 S. Ct. at 1157.

Accordingly, **IT IS ORDERED** herein as follows:

(1) That the Commissioner's final decision be, and the same hereby is, **AFFIRMED**;

(2) That the Commissioner's motion for summary judgment [DE 16] be, and the same hereby is, **GRANTED**;

(3) That Plaintiff's motion for summary judgment [DE 12] be, and the same hereby is, **DENIED**; and

(4) A separate Judgment in conformity herewith shall this date be entered.

This the 30th day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

11